**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) R. CHARLES WILKIN<br><br>Plaintiff,<br><br>v.<br><br>(1) SIMPLY LABS d/b/a SIMPLY 7;<br>(2) STACK'D LLC;<br>(3) ULTRA 7 SEVEN, LLC;<br>(4) 7 O'HEAVEN BOTANICALS, LLC;<br>(5) OPIA, LLC;<br>(6) CLOUD CHASERZ, INC.;<br>(7) VAPOR MAVEN OK, LLC;<br>(8) CURIOZITY, LLC;<br>(9) JOHN DOE NO. 1;<br>(10) DEFENDANTS 10-18<br><br>Defendants. | Case No.: 25-cv-00429-CDL |

**NOTICE OF REMOVAL**

Vapor Maven OK, LLC ("VMOK"), for its notice of removal of this action from the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma under 28 U.S.C. §§ 1332, 1441, 1446, and 1453, states:

1. This action commenced on July 18, 2025, when the Plaintiff, R. Charles Wilkin ("Plaintiff"), filed his Class Action Complaint (the "Class Action Complaint") in the District Court of Tulsa County, Oklahoma.

2. This action is currently pending in the District Court of Tulsa County, Oklahoma, and is captioned *R. Charles Wilkin v. Simply Labs d/b/a Simply 7, Stack'd LLC, Ultra 7 Seven,*

*LLC, 7 O'Heaven Botanicals, LLC, OPiA, LLC, Cloud Chaserz, Inc., Vapor Maven OK, LLC, Curiozity, LLC, John Doe No. 1, and John Does 2-10*, Case No. CJ-2025-3169.

3. This action is removable under the Class Action Fairness Act, which is codified at 28 U.S.C. § 1332(d) ("CAFA").

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

5. The Defendants in this action have not yet filed a response to the Class Action Complaint filed by Plaintiff. The Defendants reserve the right to object to any defects as to personal jurisdiction, service of process, sufficiency of process, and any other defenses available under Fed. R. Civ. P. 12.

**A. Parties**

6. The named Plaintiff in this action is a citizen of the State of Oklahoma. (*See* **Class Action Complaint**, ¶ 1.).

7. The proposed class of plaintiffs identified in the Class Action Complaint consists of individuals domiciled across the United States. (*See* **Class Action Complaint**, ¶ 36).

8. As set forth below, some Defendants in this action are citizens of the State of Oklahoma. Upon information and belief, several Defendants are citizens of other states—although the states in which such Defendants are domiciled are not identified in the Class Action Complaint. Specifically, Plaintiff alleges that several of the Defendants operate within the State of Oklahoma but are not registered to do business in Oklahoma with the Oklahoma Secretary of State. (*See* **Class Action Complaint**, ¶ 27). Accordingly, those Defendants are domiciled elsewhere and are not citizens of Oklahoma under 28 U.S.C. §1332(c)(1).

9. Defendant Vapor Maven OK, LLC is an Oklahoma limited liability company with its principal place of business in Oklahoma. (*See* **Class Action Complaint**, ¶ 3). Therefore, it is a citizen of Oklahoma under 28 U.S.C. §1332(c)(1).

10. Plaintiff alleges that Defendant Simply Labs d/b/a Simply 7 is "involved in the manufacture, labeling, and distribution of kratom-derived products …" but does not identify such Defendant's principal place of business or the state under whose laws such business is organized. (*See* **Class Action Complaint**, ¶ 2).

11. Plaintiff alleges that Defendant Stack'd LLC is "involved in the manufacture, labeling, and distribution of kratom-derived products …" but does not identify such Defendant's principal place of business or the state under whose laws such business is organized. (*See* **Class Action Complaint**, ¶ 2).

12. Plaintiff alleges that Defendant Ultra 7 Seven, LLC is "involved in the manufacture, labeling, and distribution of kratom-derived products …" but does not identify such Defendant's principal place of business or the state under whose laws such business is organized. (*See* **Class Action Complaint**, ¶ 2).

13. Plaintiff alleges that Defendant 7 O'Heaven Botanicals, LLC is "involved in the manufacture, labeling, and distribution of kratom-derived products …" but does not identify such Defendant's principal place of business or the state under whose laws such business is organized. (*See* **Class Action Complaint**, ¶ 2).

14. Plaintiff alleges that Defendant OPiA, LLC is "involved in the manufacture, labeling, and distribution of kratom-derived products …" but does not identify such Defendant's principal place of business or the state under whose laws such business is organized. (*See* **Class Action Complaint**, ¶ 2).

15. Plaintiff alleges that Defendant Cloud Chaserz, Inc. operates retail stores in Oklahoma, including within Tulsa County, but does not identify the principal place of business or state under whose laws such business is organized. (*See* **Class Action Complaint**, ¶ 3).

16. Plaintiff alleges that Defendant Curiozity, LLC is an inactive Oklahoma limited liability company which operates retail stores in Oklahoma, including within Tulsa County, but does not identify the principal place of business of such company (*See* **Class Action Complaint**, ¶¶ 3, 4).

**B. Original Jurisdiction Under Class Action Fairness Act, 28 U.S.C. § 1332(d)**

17. This court has original jurisdiction of this action. Under 28 U.S.C. § 1332(d), as amended by CAFA, a putative class action may be removed by any defendant to the United States District Court embracing the state court where the action was filed, if: (a) any member of the putative class is a citizen of a state different from any defendant, (b) there are at least one hundred members of the putative class, and (c) the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). Complete diversity among the parties is not required. *See* 28 U.S.C. § 1332(d)(2)(A).

18. In this action, the Plaintiff seeks to represent a class consisting of:

> "All persons in the United States who purchased and consumed kratom-based or kratom-labeled products containing 7-OH or a synthetic analog thereof, including, but not limited to, any product marketed as kratom-derived or botanical in nature, where the active formulation contained 7-OH in concentrations at or above 5mg per dose, or included synthetic analogs such as mitragynine pseudo indoxl, regardless of brand or any synthetic derivative that acts as a μ-opioid receptor agonist and is substantially similar in effect, composition, or marketing to the named products, whether or not explicitly labeled as such."

(*See* **Class Action Complaint**, ¶ 36).

19. Based on Plaintiff's allegations, the putative class (a national class) consists of individuals in every state. It is, therefore, a forgone conclusion that a putative class member is a

citizen of a state different from any of the defendants—satisfying the first prong of a CAFA analysis.

20. As to the second prong, based on Plaintiff's allegations, there are more than 100 members of the proposed class, as it is nearly guaranteed that the number of persons in the United States who have "purchased and consumed kratom-based or kratom labeled products containing 7-OH …" is in the tens of thousands., (*See* **Class Action Complaint**, ¶¶ 35, 36).

21. Finally, on behalf of the putative class, Plaintiff seeks compensatory damages in excess of $75,000.00, punitive damages for willful and reckless conduct, treble damages, restitution, and disgorgement of profits, and/or attorney fees. (*See* C**lass Action Complaint** at 8).

22. While Plaintiff does not explicitly state that the amount of damages sought is in excess of $5 million, based on the size of the putative class, the nature of the relief sought, as well as the nature of the alleged harm for which Plaintiff seeks to hold Defendants liable, the damages sought by Plaintiff on behalf of the proposed class will assuredly exceed $5 million.

23. According to Plaintiff, "all members of the proposed class were exposed to similar marketing representations, omissions, and formulations that failed to disclose the addictive, opioid-like nature of the products, leading to reliance, purchase, and repeated use." (**Class Action Complaint**, ¶ 35). Plaintiff further alleges that he has standing and is willing to serve as a representative of the proposed class. (*See* **Class Action Complaint**, ¶ 37).

24. For the reasons set forth above, this is a class action in which the amount of controversy exceeds $5 million, there is sufficient diversity between the proposed class of plaintiffs and the Defendants to this action, even if such diversity is minimal under 28 U.S.C. § 1332(d)(2)(A).

**C. The Procedural Requisites to Removal are Satisfied**

25. This Court is the appropriate court for removal of this action under 28 U.S.C. § 1446(a) and 28 U.S. Code § 116.

26. Consent of all defendants is not required under CAFA, 28 U.S.C. § 1453(b).

27. Copies of all process, pleadings, and orders served upon Vapor Maven OK, LLC or filed in the action in the District Court of Tulsa County, Oklahoma, along with a true and correct copy of the docket sheet from such court, are attached to this Notice of Removal as **Exhibit 1**.

28. A copy of this Notice of Removal shall be filed forthwith in the District Court of Tulsa County, Oklahoma.

29. All procedural requisites for removal have been satisfied; removal to this Court pursuant to 28 U.S.C. § 1441 is proper and effective hereby.

WHEREFORE Vapor Maven OK, LLC hereby gives notice of the removal of this action to this Court and respectfully requests all just and proper relief.

Respectfully Submitted,

By: Scott Tidwell
_______________________

Scott Tidwell
Oklahoma Bar # 31795
RMP LLP
5519 Hackett St., Ste. 300
Springdale, AR 72762
Tel: (479) 443-2705
Fax: (479) 443-2718
stidwell@rmp.law

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of August 2025, I served a true and correct copy of the foregoing on all other parties by first-class U.S. Mail, postage prepaid, through the following counsel of record:

Heath Davis
Wilkin Law Firm, PLLC
2118 South Atlanta Place
Tulsa, OK 74134
Heath.davis@wilkinlawfirm.com

Jon D. Starr
Starr, Begin & King, PLLC
1800 S. Baltimore, Suite 550
Tulsa, OK 74119
Jon.starr@tulsalawyer.org

*/s/ Scott Tidwell*
Scott Tidwell