IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) R. CHARLES WILKIN<br><br>      Plaintiff,<br>v.<br><br>(1) SIMPLY LABS d/b/a SIMPLY 7;<br>(2) STACK'D LLC;<br>(3) ULTRA 7 SEVEN, LLC;<br>(4) 7 O'HEAVEN BOTANICALS, LLC;<br>(5) OPIA, LLC;<br>(6) CLOUD CHASERZ, INC.;<br>(7) VAPOR MAVEN OK, LLC;<br>(8) CURIOZITY, LLC;<br>(9) JOHN DOE NO. 1;<br>(10) DEFENDANTS 10-18<br><br>      Defendants. | Case No.: 4:25-CV-00429-SEH-CDL |

### ANSWER OF VAPOR MAVEN OK, LLC TO PLAINTIFF'S
### CLASS ACTION COMPLAINT, SUBJECT TO MOTION TO DISMISS

COMES NOW the Separate Defendant, Vapor Maven OK, LLC ("VMOK" or "Defendant"), and for its Answer (the "Answer") to Plaintiff's Class Action Complaint (the "Complaint" or the "Class Action Complaint"), subject to VMOK's previously-filed Motion to Dismiss the Complaint (the "Motion to Dismiss"), denies each and every allegation contained therein, except as to any such allegation specifically admitted herein. For further Answer, VMOK alleges and states as follows:

1.   VMOK previously filed its Motion to Dismiss on August 19, 2025. (*See* **Doc. 11**).

SEPARATE DEFENDANT VAPOR MAVEN OK, LLC'S ANSWER TO COMPLAINT,
SUBJECT TO MOTION TO DISMISS—Page **1** of **14**

2. VMOK renews each and every defense and averment set forth in the Motion to Dismiss in filing this Answer and does not waive any of the defenses set forth therein and now wishes to submit this Answer to the Complaint, subject to such Motion to Dismiss.

3. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 1 of the Complaint, and therefore denies the same.

4. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 2 of the Complaint, and therefore denies the same.

5. Defendant admits that VMOK operates certain stores located in Oklahoma. Defendant lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 3 of the Complaint, and therefore denies the same.

6. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 4 of the Complaint, and therefore denies the same.

7. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 5 of the Complaint, and therefore denies the same.

8. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 6 of the Complaint, and therefore denies the same.

9. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 7 of the Complaint, and therefore denies the same.

10. Paragraph 8 is not an allegation of fact requiring a response. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 8 of the Complaint, and therefore denies the same.

11. With regard to the allegations set forth in Paragraph 9 of the Complaint, VMOK acknowledges that, while jurisdiction and venue may be proper in the District Court of Tulsa,

Oklahoma, VMOK filed a Notice of Removal to remove this action to the United States District Court for the Northern District of Oklahoma because the latter was a proper, and more appropriate, venue for Plaintiff's claims to be litigated. Defendant denies all remaining allegations.

12. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 10 of the Complaint, and therefore denies the same.

13. With regard to the allegations set forth in Paragraph 11 of the Complaint, VMOK acknowledges that, while jurisdiction and venue may be proper in the District Court of Tulsa, Oklahoma, VMOK filed a Notice of Removal to remove this action to the United States District Court for the Northern District of Oklahoma because the latter was a proper, and more appropriate, venue for Plaintiff's claims to be litigated. Defendant denies all remaining allegations.

14. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 12 of the Complaint, and therefore denies the same.

15. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 13 of the Complaint, and therefore denies the same.

16. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 14 of the Complaint, and therefore denies the same.

17. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 15 of the Complaint, and therefore denies the same.

18. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 16 of the Complaint, and therefore denies the same.

19. As it relates to VMOK, Defendant denies the allegations contained in Paragraph 17 of the Complaint. Defendant lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 17 of the Complaint, and therefore denies the same.

20. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 18 of the Complaint, and therefore denies the same.

21. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 19 of the Complaint, and therefore denies the same.

22. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 20 of the Complaint, and therefore denies the same.

23. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 21 of the Complaint, and therefore denies the same.

24. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 22 of the Complaint, and therefore denies the same.

25. As it relates to VMOK, Defendant denies the allegations contained in Paragraph 23 of the Complaint. Defendant lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 23 of the Complaint, and therefore denies the same.

26. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 24 of the Complaint, and therefore denies the same.

27. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 25 of the Complaint, and therefore denies the same.

28. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 26 of the Complaint, and therefore denies the same.

29. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 27 of the Complaint, and therefore denies the same.

30. As it relates to VMOK, Defendant denies the allegations contained in Paragraph 28 of the Complaint. Defendant lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 28 of the Complaint, and therefore denies the same.

31. As it relates to VMOK, Defendant denies the allegations contained in Paragraph 29 of the Complaint. Defendant lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 29 of the Complaint, and therefore denies the same.

32. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 30 of the Complaint, and therefore denies the same.

33. Paragraph 31 of the Complaint (numbered Paragraph 20 on Page 5 of the Complaint) is a paragraph of incorporation that does require a response. To the extent that such paragraph contains any factual allegations, such allegations are denied.

34. Defendant denies the allegations set forth in Paragraph 32 of the Complaint (numbered Paragraph 21 on Page 5 of the Complaint).

35. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 33 of the Complaint (numbered Paragraph 22 on Page 5 of the Complaint), and therefore denies the same.

36. Defendant denies the allegations set forth in paragraph 34 of the Complaint (numbered Paragraph 23 on Page 5 of the Complaint).

37. Defendant denies the allegations set forth in Paragraph 35 of the Complaint (the second numbered Paragraph 23 on Page 5 of the Complaint).

38. Defendant denies the allegations set forth in Paragraph 36 of the Complaint (numbered Paragraph 24 on Page 5 of the Complaint).

39.     Defendant denies the allegations set forth in Paragraph 37 of the Complaint (numbered Paragraph 25 on Page 5 of the Complaint).

40.     Defendant denies the allegations set forth in Paragraph 38 the Complaint (numbered Paragraph 26 on Page 5 of the Complaint).

41.     Defendant denies the allegations set forth in the Paragraph 39 of the Complaint (numbered Paragraph 27 on Page 5 of the Complaint).

42.     Defendant denies the allegations set forth in Paragraph 40 of the Complaint (numbered Paragraph 28 on Page 5 of the Complaint).

43.     Defendant denies the allegations set forth in Paragraph 41 of the Complaint (numbered Paragraph 29 on Page 5 of the Complaint).

44.     Defendant denies the allegations set forth in Paragraph 42 of the Complaint (numbered Paragraph 30 on Page 6 of the Complaint).

45.     Paragraph 43 of the Complaint (the second numbered Paragraph 30 on Page 6 of the Complaint) does not contain any factual allegations to which a response by Defendant is required; to the extent that such paragraph contains any factual allegations, such allegations are denied.

46.     Defendant denies the allegations set forth in Paragraph 44 of the Complaint (numbered Paragraph 31 on Page 6 of the Complaint).

47.     Defendant denies the allegations set forth in Paragraph 45 of the Complaint (numbered Paragraph 32 on Page 6 of the Complaint).

48.     Defendant denies the allegations set forth in Paragraph 46 of the Complaint (second numbered Paragraph 32 on Page 6 of the Complaint).

49. Defendant denies the allegations set forth in Paragraph 46 of the Complaint (numbered Paragraph 33 on Page 6 of the Complaint).

50. Defendant denies Paragraph 47 of the Complaint (numbered Paragraph 34 on Page 6 of the Complaint).

51. Defendant denies the allegations set forth in Paragraph 48 of the Complaint (numbered Paragraph 35 on Page 6 of the Complaint).

52. Defendant denies the allegations set forth in Paragraph 49 of the Complaint (numbered Paragraph 36 on Page 7 of the Complaint), and therefore denies the same.

53. Defendant denies the allegations set forth in Paragraph 50 of the Complaint (numbered Paragraph 37 on Page 7 of the Complaint).

54. Defendant denies the allegations set forth in Paragraph 51 of the Complaint (numbered as Paragraph 34 on Page 7 of the Complaint).

55. Defendant denies the allegations set forth in Paragraph 52 of the Complaint (numbered Paragraph 35 on Page 7 of the Complaint).

56. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 53 of the Complaint (the second numbered Paragraph 36 on Page 7 of the Complaint), and therefore denies the same.

57. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 54 of the Complaint (the second numbered Paragraph 37 on Page 7 of the Complaint), and therefore denies the same.

58. Defendant denies the allegations set forth in Paragraph 55 of the Complaint (numbered Paragraph 38 on Page 7 of the Complaint).

59. While denying that there is a class of individuals to which Defendant is liable, denying that class certification is appropriate, and further denying the allegations set forth in the Complaint, Defendant acknowledges that, to the extent that this Court certifies a class of plaintiffs in this action, such class should be refined following discovery and expert analysis. Defendant denies any remaining allegations set forth in Paragraph 56 of the Complaint (numbered Paragraph 39 on Page 7 of the Complaint), and therefore denies the same.

60. Defendant specifically denies any allegations not specifically admitted herein, and further denies any allegations, requests, or relief set forth in the Plaintiff's Prayer for Relief.

61. For the avoidance of doubt, Plaintiff attempted service upon Defendant once more on September 8, 2025, but again failed to serve an authorized agent for service for Defendant. Accordingly, Defendant renews its Motion to Dismiss previously filed herein on the same grounds previously asserted, as well as any other grounds to which Defendant may be entitled.

## **AFFIRMATIVE DEFENSES**

62. Plaintiff has waived any and all claims against this Defendant.

63. Plaintiff has assumed the risk of any damages he has suffered.

64. Plaintiff's Class Action Complaint fails to state a claim for relief or cause of action against this Defendant.

65. Plaintiff's and/or putative class members' claims may be barred by the applicable statute of limitations, statute of repose, laches, the doctrine of unclean hands, estoppel, consent, or waiver.

66. Plaintiff's Class Action Complaint fails to state facts sufficient to define an ascertainable class.

67. The causes of action contained in Plaintiff's Class Action Complaint are barred because any damages or injuries sustained by Plaintiff and/or putative class members was proximately caused by Plaintiff's and/or putative class members own acts or omissions, respectively.

68. The class action allegations in Plaintiff's Class Action Complaint are barred because representative Plaintiffs' claims are not typical of claims of the entire class and are subject to unique defenses by Defendant.

69. The class action allegations pled in Plaintiff's Class Action Complaint are barred because facts unique to each class member predominate over facts common to the entire putative class.

70. Plaintiff's claims may be preempted in whole or in part by Federal and/or State Statutes and Regulations.

71. Plaintiff's Class Action Complaint fails to state a claim for relief for punitive damages.

72. Plaintiff's Class Action Complaint, to the extent that it seeks punitive damages, violates this Defendant's right to both procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Oklahoma in that:

    a. The standards under which such claims are submitted are so vague as to be effectively meaningless and threaten the deprivation of property for the benefit of society without the protection of fundamentally fair procedures;

b. the highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures and any statutory limitations;

c. The introduction of evidence of financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of injury;

d. Applicable law does not place a reasonable constraint on the jury's discretion when considering punitive damages;

e. Applicable law does not provide sufficient post-trial procedures and standards, at the District Court level, for scrutinizing a punitive damage award;

f. Applicable law is not sufficiently established for adequate appellate review of punitive damage awards.

g. Plaintiff's Class Action Complaint, to the extent it seeks punitive damages, violates this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of Oklahoma.

h. Plaintiff's Class Action Complaint, to the extent it seeks punitive damages, violates Defendant's right to equal protection under the law and is otherwise unconstitutional under the United States Constitution and the Constitution of the State of Oklahoma.

i. To the extent this Court determines punitive damages are permitted under the Constitution of the United States of America and the State of Oklahoma, Defendant asserts that said damages are governed by the requirements and limitations placed upon punitive damages under Title 23 of the Oklahoma

Statutes Annotated, which provides statutory limits on the amount of punitive damages.

73. In the event that this Defendant is found liable to the Plaintiff(s) herein, any such liability being expressly denied, then Defendant states that it is entitled to set-off or credit for the value of all services, accommodations, goods, and benefits provided to Plaintiff(s).

74. In the event that this Defendant is found liable to the Plaintiff(s) herein, any such liability being expressly denied, then Defendant states that it is entitled to contribution, and/or indemnity as provided by applicable law and statutes.

75. This Defendant acted in good faith, and upon reasonable grounds, in all dealings with Plaintiff(s).

76. In the event this Defendant is found liable to the Plaintiffs herein, any such liability is based upon a bona fide dispute of application of law.

77. Plaintiff's alleged damages may be the result of pre-existing conditions or other causes unrelated to this Defendant.

78. Plaintiff's alleged damages may be the result of actions of other persons not under this Defendant's control.

79. Plaintiff(s) may have failed to mitigate their damages.

80. Plaintiff(s) may lack standing to pursue their claims.

81. Plaintiff(s) failed to join indispensable parties.

82. Plaintiff(s) and/or members of the putative class may have released this Defendant from liability.

83. Other State law may be applicable to some claims or damages. To the extent such other State law applies, Plaintiff(s)' non-economic damages may be limited by applicable law.

84. This Defendant may be entitled to qualified immunity.

85. Plaintiff(s)' damages may be the result of their own voluntary conduct.

86. Plaintiff(s)' claims against this Defendant are barred to the extent Plaintiff(s) have no relationship with this Defendant.

87. Some or all of Plaintiff(s)' claims may be barred by the doctrine of payment.

88. This Defendant denies that Plaintiff's Complaint properly sets forth a class action

89. The claim(s) by Plaintiff against the other Defendants have no logical or factual nexus to the claims brought against this Defendant and should be severed from the claims against Defendant.

90. Defendant specifically reserves the right to amend or modify its Answer upon the completion of discovery.

91. Defendant specifically adopts, incorporates, and asserts any defenses raised or asserted by other Defendants to this action that are also applicable to this Defendant.

WHEREFORE the Separate Defendant Vapor Maven OK, LLC prays this Court dismiss the Class Action Complaint, and all claims against Defendant therein, and for any other such relief this Court deems just and proper.

          Respectfully submitted,

          VAPOR MAVEN OK, LLC,
          *Separate Defendant*

By:    */s/ Seth Haines*
        Seth Haines (AR Bar No. 2004068)*
        Tim Hutchinson (AR Bar No. 2000030)*
        Scott Tidwell (OK Bar No. 31795)
        RMP LLP
        5519 Hackett St., Ste. 300
        Springdale, AR 72762
        Tel: (479) 443-2705
        Fax: (479) 443-2718
        shaines@rmp.law
        thutchinson@rmp.law
        stidwell@rmp.law

        **Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 29th day of September 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the Electronic Case Filing System utilized by this Court. Based upon the records currently filed in this case, the Clerk of the Court shall transmit a Notice of Electronic Filing to those registered participants of the ECF system.

      */s/ Seth Haines*

      Seth Haines