UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

R. CHARLES WILKIN,                          )
                                            )
                    Plaintiff,              )
                                            )    Case No. 4:25-cv-429-SEH-CDL
v.                                          )
                                            )
SIMPLY LABS d/b/a SIMPLY 7,                 )
et al.,                                     )
                                            )
                    Defendants.             )

## OPINION AND ORDER

Before the Court is Defendant CuriOzity, LLC's Motion for Sanctions Against Plaintiff for Failing to Comply With the Court's Order Granting Motion to Compel [Doc. 34], and Motion for Attorney Fees (Doc. 35) ("Motion for Sanctions"). Plaintiff has not filed any response to the Motion.

## I.    Background

Plaintiff commenced this action in Tulsa County District Court on July 18, 2025. (*See* Doc. 2). Defendant Vapor Maven OK, LLC, removed the action to this court on August 14, 2025. (*Id*.). Defendant CuriOzity, LLC ("CuriOzity") entered an appearance through counsel on August 19, 2025. (Docs. 8-10).

On March 10, 2026, Defendant CuriOzity, LLC ("CuriOzity") filed a Motion to Compel Discovery, or in the Alternative, to Dismiss (Doc. 33), asserting that Plaintiff had not responded to CuriOzity's written discovery requests, and that despite multiple attempts to reach Plaintiff's counsel, "Plaintiff's attorneys have refused to communicate with

[CuriOzity's] counsel regarding the past due discovery responses." (Doc. 33 at 2). On April 2, 2026, the Court entered an Order compelling Plaintiff to answer CuriOzity's written discovery requests by April 9, 2026. (Doc. 34). The Court advised in the order that failure to comply may result in sanctions under Fed. R. Civ. P. 37, "including but not limited to an award of fees to Curiozity for any future filings necessary to obtain compliance." (*Id*. at 2).

CuriOzity filed the Motion for Sanctions on April 28, 2026. (Doc. 35). In the Motion for Sanctions, CuriOzity asserts that it did not receive any response to its discovery requests from Plaintiff by the April 9 deadline. (*Id*. at 2). On that basis, CuriOzity requests that the Court award sanctions pursuant to Rule 37(b)(2)(A) and (C) by dismissing CuriOzity from this action with prejudice and requiring Plaintiff to pay CuriOzity's attorney fees associated with the filing of its Motion to Compel and Motion for Sanctions. (*Id*. at 2-3).

After Plaintiff failed to file a timely response to the Motion for Sanctions, the Court directed Plaintiff to show cause by June 15, 2026 why the undersigned should not recommend that the District Judge grant CuriOzity's Motion for Sanctions, dismiss Plaintiff's claims as to Defendant CuriOzity, and permit CuriOzity to file an application for reasonable attorney fees and costs in connection with its discovery-related motions. (Doc. 37). Plaintiff has not filed a response or made any showing in response to the Order to Show Cause, nor has he sought to respond out-of-time to the Motion for Sanctions.

II.    **Legal Standards**

Under Fed. R. Civ. P. 37(b)(2)(A), "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

2

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)     dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b). In determining whether dismissal is appropriate, the court should consider factors including (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations and quotations omitted).[1] These factors do not constitute a rigid test, and a district court is free to consider any other factors when determining whether dismissal is an appropriate sanction. *Lee v. Max Int'l, LLC,* 638 F.3d 1318, 1323 (10th Cir. 2011).

## III.   Discussion

### A.    Prejudice / Interference Factors

Plaintiff's failure to respond to discovery requests and to comply with discovery-related orders has caused prejudice to CuriOzity in the form of "delay and mounting

---

[1]     CuriOzity did not cite *Ehrenhaus* or address the relevant factors in its Motion for Sanctions.

attorney's fees." *Ehrenhaus*, 965 F.2d at 921; *see Coons v. Allstate Indem. Co.*, No. 12-CV-0597-CVE-TLW, 2013 WL 2370633, at *3 (N.D. Okla. May 30, 2013) ("[D]efendant has been unable to take plaintiff's deposition or conduct any other discovery that requires plaintiff's participation, and defendant cannot reasonably prepare a defense to plaintiff's claims under the circumstances."). Correspondence attached to CuriOzity's Motion to Compel indicates that CuriOzity's counsel sent interrogatories and requests for production to Plaintiff and his co-counsel in August 2025. (Docs. 33-1, 33-2). CuriOzity's counsel followed up with a letter to Plaintiff and his counsel on January 29, 2026, indicating Plaintiff's responses were past due. (Doc. 33-3). CuriOzity's Motion for Sanctions indicates that, despite this correspondence and the Court's intervening order compelling Plaintiff's discovery responses, CuriOzity still had not received any discovery responses from Plaintiff as of April 28, 2026, necessitating the Motion for Sanctions.

Nonetheless, the degree of prejudice is limited at this stage of the proceeding, as pretrial deadlines and a trial setting have not been entered in this case due to a pending dispositive motion. (Doc. 12; *see* Doc. 11). In light of the early litigation posture of this action, Plaintiff's non-responsiveness has not substantially interfered with the judicial process to date. *Cf. Mooney v. Regalado*, No. 19-CV-00462-TCK-SH, 2023 WL 2981466 (N.D. Okla. Mar. 3, 2023) (finding prejudice factor "does not weigh heavily in favor of dismissal" based on "a single instance of noncompliance," in contrast to cases where "costs and delays . . . mounted over an extended period of time due to . . . non-compliance."). As such, the undersigned finds that this factor moderately supports the imposition of sanctions under Rule 37.

**B.    Culpability**

Plaintiff is subject to the same duty as any other litigant to comply with applicable federal and local rules. Moreover, Plaintiff, a licensed attorney appearing on his own behalf alongside co-counsel, is responsible for keeping the Court and other parties apprised of his current contact information as a registrant of the Court's CM/ECF system. LGnR2-6 ("Attorneys and parties authorized to file electronically shall maintain and update their contact information in CM/ECF through their PACER accounts."). As such, Plaintiff and his co-counsel, who have both entered appearances in this case, are presumed to have received electronic notice of CuriOzity's Motion to Compel and Motion for Sanctions, and of the Court's earlier orders concerning those motions. In the absence of any indication to the contrary, Plaintiff's non-compliance with discovery rules and the Court's prior orders is presumed to be knowing. Thus, the culpability factor supports the imposition of some degree of sanctions.

**C.    Warning**

The Court has advised Plaintiff that a continued failure to respond to discovery requests may warrant sanctions under Rule 37, and that the undersigned Magistrate Judge may recommend dismissal of Plaintiff's claims against CuriOzity absent a showing of good cause. (*See* Doc. 34 at 2; Doc. 37 at 1-2). Moreover, Plaintiff has had multiple opportunities and ample time to respond to the Motion for Sanctions, but has failed to advise the Court of any grounds to find excusable neglect or to further extend his deadline to respond to CuriOzity's discovery requests. Thus, the Court has sufficiently warned Plaintiff that sanctions, including severe sanctions, could result from his continued noncompliance.

### D.      Efficacy of a Lesser Sanction

As set forth above, the undersigned finds that the first four *Ehrenhaus* factors weigh in favor of some degree of sanction for Plaintiff's failure to comply with discovery deadlines and with the Court's order compelling discovery responses. The fifth *Ehrenhaus* factor requires the Court to consider whether the sanction of dismissal is warranted or whether a lesser sanction would "deter the errant party from further misconduct." *Ehrenhaus*, 965 F.2d at 920.

Courts are mindful that, "[b]ecause dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'" *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (internal citation omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). "Dismissal is a harsh sanction for a discovery violation, and "due process requires that the discovery violation be predicated upon 'willfulness, bad faith, or [some] fault of [Plaintiff]' rather than inability to comply." *Coons v. Allstate Indem. Co.*, No. 12-CV-0597-CVE-TLW, 2013 WL 2370633, at *3 (N.D. Okla. May 30, 2013).

The undersigned finds that dismissal of Plaintiff's claims against CuriOzity is not warranted under Rule 37 at this time. The Motion for Sanctions does not suggest Plaintiff has acted in bad faith. Furthermore, the record does not reflect the type of misconduct or other aggravating circumstances often found when courts dismiss claims pursuant to Rule 37(b). *See, e.g., Ehrenhaus*, 965 F.2d at 920 (record reflected party's previous use of

6

"conflicts as a delaying tactic"); *Coons v. Allstate Indem. Co.*, No. 12-CV-0597-CVE-TLW, 2013 WL 2370633, at *3-*4 (N.D. Okla. May 30, 2013) (finding dismissal warranted after plaintiff's counsel had withdrawn "due to plaintiff's refusal to communicate with them and his failure to participate in discovery," and plaintiff's subsequent "*pro se* filings show that he has no intention of participating in discovery"). Accordingly, the undersigned does not find at this time that a sanction as severe as dismissal is warranted. *See Mooney v. Regalado*, No. 19-CV-00462-TCK-SH, 2023 WL 2981466, at *4 (N.D. Okla. Mar. 3, 2023) ("Considering this is the first time the undersigned has been required to step in and compel compliance, there is no evidence that Lawson will not be swayed by sanctions less severe than dismissal.").

CuriOzity has not requested any less-severe alternatives in its Motion for Sanctions, other than an award of costs and fees associated with its motions. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A)(i) – (iv). Even absent bad faith, Rule 37(b) authorizes the imposition of sanctions for a party's mere "fail[ure] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A); *Markham* v. *Nat'l States Ins. Co.*, Civ. No. 02-1606-F, 2004 WL 3019308, at *11, 12 (W.D. Okla. Jan. 8, 2004) (internal citations omitted) ("Under Rule 37(b), a litigant which has clearly violated a discovery order is, on that basis alone, exposed to the imposition of sanctions . . . . At least where the extreme sanctions of default or dismissal are not imposed, a showing of willfulness or bad faith need not be made."); *see also In re Homeadvisor, Inc. Litig.*, No. 16-CV-01849-PAB-KLM, 2023 WL 196414, at *25 (D. Colo. Jan. 16, 2023) (citing *Markham*) ("At least one court in the Tenth Circuit has held that under Rule 37(b)(2) '[n]o particular state of mind or degree of culpability is

a prerequisite to an award of sanctions, at least when the sanction awarded is not severe. Thus, a finding of willfulness or contumacious conduct is not necessary to support sanctions that are less severe than dismissal or entry of a default judgment.'").

Thus, in light of the early litigation posture of this case and the limited extent of any prejudice to CuriOzity at this time, the Court finds that an award of CuriOzity's reasonable attorney fees and expenses in connection with the Motion to Compel and the Motion for Sanctions is a sufficient sanction. *See* Fed. R. Civ. P. 37(a)(5)(A); Fed. R. Civ. P. 37(b)(2)(A), (C).

## IV.    Conclusion

For the foregoing reasons, an award of reasonable attorney's fees and expenses in connection with the Motion to Compel (Doc. 33) and Motion for Sanctions (Doc. 35) is warranted pursuant to Fed. R. Civ. P. 37(a)(5) and 37(b)(2). CuriOzity may file a motion for reasonable attorney fees and expenses by July 29, 2026.

Furthermore, Plaintiff is again **warned** that continued failure to comply with its discovery obligations may result in a recommendation of severe sanctions, including but not limited to involuntary dismissal.

IT IS THEREFORE ORDERED that Defendant CuriOzity, LLC's Motion for Sanctions (Doc. 35) is **granted in part and denied in part**.

IT IS SO ORDERED this 15th day of July, 2026.

Christine D. Little
United States Magistrate Judge

8